IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STAN J. CATERBONE, :
    Plaintiff, :
     :
v. : CIVIL ACTION NO. 19-CV-2052
     :
LANCASTER COUNTY PRISON, *et al.*, :
    Defendants. :

## MEMORANDUM

SCHMEHL, J.                                                                                 JUNE 11, 2019

*Pro se* Plaintiff Stan J. Caterbone, a pretrial detainee confined at Lancaster County Prison ("LCP"), has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed *In Forma Pauperis*. The Defendants are LCP and Cheryl Steeberger, the Warden of LCP. Because it appears that Caterbone is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.[1] For the following reasons, the Complaint will be dismissed with prejudice as to LCP and without prejudice as to Steeberger pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### I. FACTS

Caterbone asserts that on numerous dates between when he was taken into custody at LCP on January 16, 2019 and April 22, 2019, he made requests to staff members for writing materials and to have legal documents copied so that he could file them with the Lancaster County court that is hearing his criminal case and possibly other courts.[2] (ECF No. 1 at 4-7.)

---

[1] However, as Caterbone is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[2] A search of publicly available records shows that Caterbone was ordered detained on January 17, 2019 at LCP after being arraigned on charges of criminal harassment. *See Commonwealth v. Caterbone*, CP-36-CR-6961-2018. That charge was *nolle prossed* on March 8, 2019 after he was

Apparently, his requests were not responded to in as prompt a manner as he would have preferred. (*Id.*) He avers that he has been denied access to the United States Supreme Court, the United States Court of Appeals for the Third Circuit, this Court, other federal district courts, and the courts of Florida and Pennsylvania, including the Lancaster County courts. (*Id.* at 8.) He asserts interference with pending cases that he has self-valued at $650 million for purposes of his bankruptcy case that is pending before the Third Circuit. (*Id.*) He seeks immediate access to copying services, immediate charging of his cell phone and access to the contacts he has saved there, treatment for the suffering from pain and torture resulting in the deterioration of his ability to walk,[3] and a criminal investigation into his allegations.

## II. STANDARD OF REVIEW

The Court will grant Caterbone leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in

---

arraigned on charges of stalking. *See Commonwealth v. Caterbone*, CP-36-CR-921-2019. Those charges remain pending. Caterbone has been represented by counsel the entire time he has been detained. A search of publicly available records also shows that Caterbone has a bankruptcy appeal pending before the Third Circuit. *See In re Caterbone*, No. 18-1527. He also has two appeals pending from decisions of this Court. *See Caterbone v. NSA*, No. 18-3326 (dismissing earlier civil action); *Caterbone v. Lancaster Ctny. Adult Probation*, No. 19-1799 (dismissing habeas petition).

[3] Although Caterbone states in conclusory fashion that he has suffered pain, he does not appear to assert a claim in this case based on a physical injury he has suffered at LCP. The Court notes that Caterbone filed a pleading he captioned "Application for Supplemental Complaint Injunction for Medical Treatment." (ECF No. 5.) Therein, Caterbone states that he filed a petition in his criminal case asking for "house arrest due to degrading medical conditions and lack of adequate treatment." (*Id.* at 1.) He requests the "Clerk of Court for the Eastern District obtain both a copy of [his petition] and Caterbone's application for reconsideration." The Court does not interpret this pleading to constitute a claim in this case based on a physical injury Caterbone suffered at LCP. As Caterbone will be permitted to file an amended complaint, he may, if he chooses to do so, attempt to state such a claim therein.

2

fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Caterbone is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The vehicle by which a person may bring suit for a violation of the civil rights is Section 1983 of Title 42 of the United States Code. The Section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Caterbone's § 1983 Complaint attempts to state a First Amendment access-to-the-courts claim. "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per

3

curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id.* Furthermore, the right to access the courts may be satisfied if the plaintiff has an attorney. *Diaz*, 532 F. App'x at 63 (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see also Prater v. City of Phila.*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013) (per curiam).

To the extent that Caterbone's claim is based upon an alleged inability to access the courts of Lancaster County to adjudicate his criminal case, the fact that he has been represented by counsel during the entire time he has been in custody at LCP renders the claim implausible and subject to dismissal under § 1915(e)(2)(B)(ii). To the extent that the claim is based upon his alleged inability to access other courts before which he has pending cases, the claim is implausible because Caterbone fails to allege that the denial of access caused him any actual injury. While he alleges interference with his pending cases, he makes no assertion that a "nonfrivolous" and "arguable" claim was lost in any case.

Additionally, Caterbone has only named LCP and Warden Steeberger as Defendants. The § 1983 claim against LCP is dismissed as frivolous because a jail is not a "person" under Section 1983. *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F.

4

Supp. 271 (E.D. Pa. 1976). The claim against Warden Steeberger is implausible because there is no allegation that she was personally involved in denying Caterbone access to the courts and there is no allegation upon which to base liability against her in her role as a supervisor of others at LCP. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015) (holding that there are only "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates. First, liability may attach if they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.' . . . Second, 'a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced' in the subordinate's unconstitutional conduct." (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original))).

Accordingly, the Court will dismiss the Complaint with prejudice against LCP and without prejudice against Steeberger pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Caterbone will be granted leave to file an amended complaint within thirty days if he is able to cure the defects identified by the Court. An appropriate Order follows.

**BY THE COURT:**

*[signature]*

JEFFREY L. SCHMEHL, J.